Howard BROWN, Daniel Carpenter, Michael Denil, Roy Detra, David Dugolenski, Daniel Gruendeman, Joseph Jackson, Phil Knutzen, Richard Kramer, Todd Laatsch, Steven Lisowe, William Nicolaison, James Novak, Thomas Olson, Roy Poepke, Mark Schirack, Steven Schommer, Richard Seiberlich, James Sericati, Rick Tuttle, Kenneth Wagner, Joseph Weyers, William Wittlin, and Kurt Wollenburg, Plaintiffs,

v.

PIERCE MANUFACTURING, INC., Defendant.

Civil Action No. 95-C-1192.

United States District Court, E.D. Wisconsin.

June 28, 1996.

Ed Garvey, Garvey & Associates, Madison, WI, for Plaintiffs.

Randall A. Haak, McCarty, Curry, Wydeven, Peeters & Haak, Kaukauria, WI, for Defendant.

## ORDER

REYNOLDS, District Judge.

■ Sanctions are an extraordinary remedy. Beyond the monetary impact, sanctions impugn an attorney's reputation and challenge the attorney's integrity. Therefore, courts should not grant sanctions on a whim, nor should a party move for sanctions without scrupulously following the procedures for such a request. It is difficult, if not impossible, for a party to move for sanctions against an opponent, when the moving party itself has failed to follow the rules. Pierce Manufacturing, Inc. ("Pierce") has moved for sanctions under Fed.R.Civ.P. 11 against William Kordus, a former plaintiff dismissed from the case. Because Pierce has not followed the procedural requirements for filing a Rule 11 motion, the court denies the motion.

■ Pierce wants sanctions because, as it alleges, Kordus knowingly filed a time-barred suit. On August 2, 1995, Kordus filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). On September 11, 1995, the EEOC issued a right-to-sue letter. On September 20, Pierce's attorney advised Kordus's attorney that the claims were time barred and that Kordus had executed a valid and enforceable release. On October 2, 1995, Kordus's attorney responded, saying that he and his client would review those issues before proceeding. On November 2, 1995, Kordus filed his complaint, alleging violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* On January 12, 1996, Pierce moved to dismiss the complaint because the claim was time barred and, alternatively, because Kordus had executed a release. On February 1, 1996, Kordus voluntarily dismissed his complaint under Fed. R.Civ.P. 41. On June 11, 1996, Pierce filed its Rule 11 motion.

■ Discouraging frivolous litigation—not punishing litigants—is Rule 11's purpose. Any sanction motion can trigger collateral litigation over the merits of the sanctions, collateral litigation that eclipses the underlying law suit. With recent modifications, Rule 11 deters frivolous litigation without clogging the courts with sanction motions. The rule has a stop-and-think provision: a party may withdraw a sanctionable motion, answer, or complaint and avoid sanctions. Under the rule, a party moving for Rule 11 sanction must first serve the opposing party with the motion, without filing the motion with the court. If, and only if, the opposing party does not withdraw the objectionable filing within 21 days (in this case the complaint), the party may file its sanction motion. Fed. R.Civ.P. 11(c)(1)(A).

Neither in its brief nor its supporting affidavit does Pierce say that it served Kordus more than 21 days before it filed its Rule 11 motion. Moreover, Kordus withdrew his complaint on January 30, 1996. To file this Rule 11 motion, Pierce would have had to have served Kordus with a copy of the motion before January 11, 1996, a day before Pierce filed its motion to dismiss.

■ Pierce cites cases stating that this court can sanction Kordus despite the dismissal of his claim. Those cases were decided before the 1993 Amendments to Rule 11 created the 21-day waiting period. Now, the court may sanction a plaintiff after the plaintiff has voluntarily dismissed the case only if the plaintiff moved to dismiss the complaint 21 days after having been served with the defendant's Rule 11 motion.

Rule 11 sanctions would serve no purpose in this case. Because Kordus withdrew his claim without the threat of Rule 11 sanctions, he, no doubt, would have withdrawn his motion within the 21-day grace period had Pierce served him with its Rule 11 motion. Even assuming Kordus' claim was frivolous, the process worked without sanctioning the plaintiff.

There is an additional problem with Pierce's Rule 11 motion. Pierce does not state which subsection Kordus violates. Under Rule 11(b)(1), a party may not file a complaint for an improper purpose. Under Rule 11(b)(2), a complaint must be warranted "by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11(b). Logically, Pierce is claiming that Kordus violated 11(b)(2) because Kordus's alleged error

was filing a complaint that was time-barred, but Pierce's brief relies on language from both subsections, Pierce, however, has not explained what the improper motive was.

The specific subsection is important because the court may not award monetary sanctions against a represented party for violations of 11(b)(2). Fed.R.Civ.P. 11(c)(2)(B). If Kordus violated only subsection 11(b)(2), the court may not fine Kordus. Because the court has dismissed Kordus's claim, there is no other available sanction. Without Pierce's clearly identifying the improper motive, the court cannot grant monetary sanction, even if Pierce had complied with Rule 11's filing requirements.

### CONCLUSION

The court denies Pierce Manufacturing, Inc.'s motion for Rule 11 sanctions against William Kordus.